# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| SCOTT WATSON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | |
| THERMO FISHER SCIENTIFIC, ) | JURY DEMAND |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

**I.    INTRODUCTION**

1. This is a case alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621 *et seq*. Plaintiff is entitled to backpay and other equitable relief as well as liquidated damages, attorneys' fees and costs.

**II.    JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES**

2. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343(a)(4), 2001, 2002. Venue is proper in the Northern District of Alabama, Southern Division under 28 U.S.C. §1391(b) and Title VII's Choice of Venue provision, 42 U.S.C. § 2000e-5(f)(3).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under the ADEA. Plaintiff timely filed his charge of discrimination on August 16, 2019 which was within 180 days of the occurrence of the last discriminatory. Plaintiff also timely filed his Complaint within ninety (90) days of the receipt of a Notice of Right to Sue which the EEOC issued on April 17, 2020.

## III.   PARTIES

4. Plaintiff is a fifty eight (58) year old citizen of the United States, a resident of the State of Alabama.

5. Defendant Thermo Fisher Scientific ("Defendant") is an entity subject to suit under the ADEA.

6. At all times relevant to the events set forth herein, Defendant has employed fifteen (15) or more employees.

7. The acts by Defendant were authorized, ordered, or done by Defendant's officers, agents, employees, or representatives while they were actively engaged in the management of Defendant's business.

## IV.   STATEMENT OF FACTS

8. Plaintiff is a 59 year old man who served in the U.S. Navy for twenty one years after graduating from the Naval Academy in 1983 with a BS in Chemistry;

during his time in the military he also earned MBA from George Mason University.

9. After leaving the military Plaintiff had several high level jobs in the business community.

10. During this same time, Plaintiff also taught business related classes at the University of Alabama in Birmingham as an Adjunct Professor starting in 2005.

11. Plaintiff worked full time for UAB's business school from 2015 until 2017 as the Director of the Center for Sales Leadership.

12. Plaintiff began working for Defendant on July 20, 2017 as the Sr. Director of Sales Americas Central Region. His position eventually shifted to Head of Sales API (active pharmaceutical ingredient).

13. Plaintiff was hired by a man named Tom Sellig who was about Plaintiff's age at the time.

14. Defendant terminated Mr. Sellig in August 2018, and Plaintiff began reporting to a new boss named Tony van Bijleveld, who lived in the Netherlands.

15. Mr. Bijleveld made comments to Plaintiff indicating his age bias towards Plaintiff such as telling him multiple times that his team did not need an old professor.

16. Plaintiff performed his job well throughout his employment.

17. On approximately Monday July 8, 2018, Plaintiff was speaking with Mr. Bijleveld on the telephone, and Mr. Bijleveld told Plaintiff they were going to make a change on his team. He stated to Plaintiff "you are not a good coach" and "the younger team needs younger, fresher coaching."

18. The next day, July 9, 2019, Mr. Biileveld and Human Resources contacted Plaintiff and told him he was terminated for cause without providing any specific reason other than a vague allegation that Plaintiff was not a good coach.

19. Defendant's stated reasons for firing Plaintiff is false and is a pretext for discrimination.

20. Plaintiff's primary job responsibility was to achieve sales targets, and when Defendant terminated him his team was at 102% of sales targets.

21. Plaintiff's other primary responsibility was to build and grow the team. Plaintiff grew the team from three professionals globally to seven.

22. During Plaintiff's tenure only one person left the team voluntarily and this was due to a major promotion (50% pay raise) at a competitor.

23. The procedure at Thermo Fisher for when there is an employee who is operating below standards is to put a Performance Improvement Plan (PIP) in place; however, Defendant never initiated a PIP on Plaintiff.

24. Plaintiff informed Human Resources about Mr. Biileveld's ageist comment stating that it was illegal, but HR did nothing other than try to convince Plaintiff to sign a severance and release agreement offering him 2 weeks of pay.

25. After Defendant terminated Plaintiff on August 15 Plaintiff learned that Defendant had replaced him with a significantly younger man in his thirties named Ben Lawrence.

26. Plaintiff's team now had the "younger coach" Mr. Biileveld was after for the team.

27. Defendant willfully discriminated against Plaintiff because of his age by firing him for a non legitimate reason and replacing him with a significantly younger employee.

**V.   CAUSES OF ACTION**

**COUNT I – AGE DISCRIMINATION UNDER ADEA**

28. Plaintiff re-alleges and incorporates the above stated factual paragraphs as if fully set forth herein.

29. Plaintiff brings this Count pursuant to the ADEA.

30. Plaintiff is a member of the protected group in that he is over forty years old.

31. Defendant took adverse employment actions against Plaintiff which affected the terms and conditions of his employment, including but not limited to terminating

his employment.

32. A a substantially younger person filled the position from which Plaintiff was discharged.

33. Plaintiff was qualified to do the job from which he was discharged.

34. But for Plaintiff's age, Defendant would not have terminated him.

35. Plaintiff has direct evidence of age discrimination.

36. In addition, Defendant has failed to articulate a legitimate, nondiscriminatory reason for the adverse employment actions it took against Plaintiff, including terminating him.

37. The reasons Defendant offers for terminating Plaintiff are false and a pretext for age discrimination.

38. The real reasons Defendant terminated Plaintiff is age discrimination, as the decision maker told Plaintiff that the team Plaintiff supervised needed a younger fresher coach which reveals the decision maker's own discriminatory intent.

39. Said age discrimination against Plaintiff was done willfully and intentionally.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices,

procedures, conditions and customs of Defendant are violative of the rights of Plaintiffs as secured by the ADEA.

2.  Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate the ADEA.

3.  Enter an Order requiring Defendant to make Plaintiff whole by reinstating him into the position he would have occupied absent the discriminatory termination or award him front pay if reinstatement is not possible, awarding him back pay (plus interest), liquidated damages, and loss of benefits of employment including health care, stock options, bonuses, retirement, pension, seniority and other benefits of employment.

3.  Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

        Respectfully submitted,

        /s/ Jon C. Goldfarb
        Jon C. Goldfarb asb-5401-f58j
        L. William Smith asb 8660-a61s
        Christina M. Malmat asb-1214-y44q
        Lieselotte Carmen-Burks asb-8304-t46e
        Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500